### BERNARD ALGER *vs.* JOHN POOL, JR.

An assignment by fence viewers under Rev. Sts. c. 19, § 5, of only a part of a continuous line of partition fence is not for that reason invalid, neither party at the time requesting that the whole line be divided.

After such assignment duly made, the obligations of the parties are fixed to maintain the fence accordingly, and cannot be changed, without consent, by a subsequent view and division by the fence viewers of the whole continuous line of partition fence.

THIS was an action of tort for injury to the plaintiff's close by the defendant's cattle. The defendant denied that his cattle entered the plaintiff's close, and averred that if they did, they entered in consequence of the neglect or refusal of the

plaintiff to maintain his fence, which by law he was bound to maintain.   At the trial in the court of common pleas, before *Perkins*, J. the plaintiff put into the case a record of a division of the fence between the land of the plaintiff and the land of the defendant, and evidence tending to show that the defendant's cattle strayed from the defendant's land on to the adjoining land of the plaintiff, through that portion of the fence which, by said division, the defendant was bound to maintain.   The defendant offered evidence tending to show that the above-named division was made upon the call of the plaintiff, and of only a part of the whole continuous, and nearly straight line of fence between the contiguous lands of the plaintiff and the defendant; and that the defendant, after the above division, called on the fence viewers again to make a division of the whole line, and the fence viewers then took into view the whole of the said continuous line, and made a division of the same between the plaintiff and the defendant. By this last division, the place where the cattle passed on to the plaintiff's land, came within that part of the fence set off to the plaintiff, and the evidence tended to show that the defendant had kept his part of the fence, as set off by this last division, in thorough legal repair, but that the plaintiff had, by neglect, suffered the fence to go to decay, and to be taken away at the place where the cattle went through.

The plaintiff objected to the introduction of the last division, on the ground that the defendant could not call on the fence viewers again to view the line before divided, though it was only a part of the whole line, for viewing and dividing which the fence viewers were called the second time.

But the court ruled that if only a portion of the same continuous straight line of fence between two conterminous owners was divided by the fence viewers upon a call by one of the owners for that specific purpose; the other owner might afterwards call on the fence viewers to view and divide the whole of said line, and the fence viewers might set off to one of the owners the whole, or any just portion of the line before divided between the two, and to the other, the whole or any just portion of the part of the line not before taken into view

by the fence viewers, and the parties would afterwards be bound to fence according to the last division; and that if under the above ruling, the jury were satisfied that the defendant's cattle entered upon the plaintiff's land in consequence of the plaintiff's neglect to keep up and maintain a legal fence where he was bound to erect and maintain it according to the last division, he could not recover in this action.

The verdict was for the defendant, and the plaintiff alleged exceptions.

*H. Pratt*, for the plaintiff.

*N. Morton & B. Sanford*, for the defendant.

DEWEY, J. The whole question here turns upon the legal effect of the first assignment by fence viewers of a partition fence between the parties. If this was a legal assignment, then the instructions to the jury were wrong. By the Rev. Sts. *c.* 19, § 5, it is provided that when any controversy shall arise, about the rights of the respective occupants in partition fences, and their obligation to maintain the same, an assignment to each of his share, may be made by two or more fence viewers, and after such assignment, "they shall be obliged always thereafter to maintain their respective part of said fences." Section 15 provides, "that the several owners of such land, and their heirs and assigns, forever, shall erect and support said fences, agreeably to such division." Under the provisions of this statute, it is in the opinion of the court, competent for fence viewers to assign to the adjacent owners their respective shares of fence in a portion of the entire line between them. A division by fence viewers would ordinarily embrace the whole continuous line of fence between two adjacent proprietors. But a division may be legal, although the assignment to the parties does not include the entire line of the land of the adjacent owners. As was said by the court in *Prescott* v. *Mudgett*, 1 Shepley, 423, "there was no occasion for the interposition of the fence viewers, except for such portion of the line as was in dispute. The statute requires that partition fences shall be divided in equal halves, but it is not necessarily to be understood that the whole portion of each should be contiguous." Our statute is much of the same

import as that of the state of Maine. We do not think a partition that does not embrace the entire line, for that cause necessarily invalid. It may be, if the adverse party shall appear before the fence viewers upon the notice given him, and demand a partition of the whole line of occupied lands, that it would be the duty of the fence viewers to make such entire partition. That would, however, depend upon the particular circumstances of the case, the fact of former assignments, or other legal liabilities, already existing as to portions of the fence between the adjoining enclosures. If not objected to, after due notice from the fence viewers, an assignment of a portion of the fence may be made upon the application of one of the adjacent owners of land, requesting such partition of a part; and such assignment, when duly made, would by virtue of Rev. Sts. c. 19, §§ 5, 15, be binding on the parties, and require them to erect and maintain partition fences accordingly. There is nothing in the case before us to show that any objection was made at the time to the first assignment, or that the case was one requiring a partition of the entire line of boundary between the parties. *New trial ordered*